UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 7: 14-023-DCR |
| V. | ) |
| CHARLES RAY TACKETT, et. al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants Michael Tackett's and Charles Tackett's *in limine* motions to exclude certain evidence from being offered by the United States during trial. [Record Nos. 55, 60] Having considered the parties' respective positions, the Court will deny the relief requested.

**I.**

All defendants have been charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Additionally, Defendants Charles Tackett, Michael Tackett, and Anne Grace McGuire have been charged with three counts of wire fraud in violation of 18 U.S.C. § 1343. [Record No. 1] The November 6, 2014, Indictment charges that, in or about September 2009 and continuing through in or about August 2010, the defendants knowingly and willfully conspired to obtain money and property from insurance carriers by obtaining insurance on classic vehicles under the fraudulent pretense that the vehicles had been fully restored and were worth significantly more than their actual value, and then filing claims

following the loss of the vehicles. [*Id.*] The Indictment alleged that the vehicles would be purchased from a co-conspirator or third party for significantly less than the renovated value and, shortly thereafter, insurance coverage would be obtained based on estimates from Harold Auto Body for work that had not been performed. After the vehicles were destroyed in fires, the defendants reported the damage and sought to collect money from the insurance providers through telephone communication.

On December 12, 2014, the United States filed a notice of intent to offer during trial evidence that, between September 2008 and March 2009, Charles Tackett purchased four automobiles and fraudulently insured them with Safeco Insurance Company. The government alleges that, in obtaining the insurance, Charles Tackett submitted estimates from Harold Auto Body for restorations that never occurred. [Record No. 39] Further, in October 2008, Charles Tackett obtained homeowners insurance from Kentucky Fair Plan, designed to provide basic property and casualty insurance. On May 23, 2009, a fire destroyed the house and the four cars. Subsequently, Charles Tackett reported the losses to the insurance providers. In June 2009, he was paid $70,638.00 by Safeco for the loss of the four vehicles and $175,895.00 by Kentucky Fair Plan for the loss of the house. [*Id.*, pp. 4–5] The United States seeks to offer this evidence as inextricably intertwined background evidence or, in the alternative, as evidence admissible under Federal Rule of Evidence 404(b). [Record No. 64] Defendants Michael Tackett and Charles Tackett have moved *in limine* to exclude the proffered evidence.

## II.

### A. Background Evidence

The United States seeks to offer the above-described evidence as inextricably intertwined with evidence that is relevant to the crimes charged. [Record No. 64, p. 5 n.1] In limited circumstances, the government may introduce evidence of past conduct if the conduct is sufficiently tied to the presently charged offense. The Sixth Circuit has explained that:

> [p]roper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011). When background (or *res gestae*) evidence is presented in this way, it is not subject to the strictures of Rule 404(b). *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013).

The Sixth Circuit further explained the distinction between acts that are *intrinsic* to the offense charged—and thus not subject to Rule 404—and *extrinsic* "other acts," which are subject to the rule, as follows:

> [w]hen the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed "extrinsic." "Intrinsic" acts, on the other hand, are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrongs evidence.

*United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995).

Background evidence includes "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Joseph*, 270 F. App'x 399, 405 (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). However, the Sixth Circuit cautions that:

> rather than providing unfettered rein, the definition of background or *res gestae* evidence . . . imposes severe limitations in terms of the temporal proximity, causal relationship, or spatial connections that must exist between the other acts and the charged offense. Before a court decides whether other acts fall into the "background circumstances" exception to the general proscription against such evidence, it must first analyze the proffered evidence in light of these constraints.

*Hardy*, 228 F.3d at 749. The Sixth Circuit also has held that evidence which constitutes "a continuing pattern of illegal activity" is not considered an "other act" and, therefore, is not governed by Rule 404(b). *See United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 2000).

The *res gestae* exception is most often applied in conspiracy cases. *United States v. Rice*, 90 F. App'x 921, 924 (6th Cir. Feb. 20, 2004) (unpublished). In *Buchanan*, the defendant was charged with participating in a drug conspiracy stretching from 1990 to 1997. During trial, the court admitted evidenced that the defendant sold drugs to an informant in 1994 and that police had seized drugs from him in 1990. The Sixth Circuit held that Rule 404(b) did not apply because the evidence showed a continuing pattern of illegal activity associated with the charged drug conspiracy. 213 F.3d at 311. By contrast, in *Hardy*, the Sixth Circuit held that drug transactions carried out by the defendant and an alleged co-conspirator six years before the charged conspiracy began could not be admitted as background evidence, because this evidence lacked a sufficiently close connection to the charged events. 228 F.3d at 749–51.

The United States asserts that the evidence it seeks to present was close in time to the conspiracy charged in Count One of the Indictment.  According to the government, the evidence was a "prelude to the charged offense" because it was a preliminary step to the offense charged and demonstrated part of a continuing pattern of illegal activity leading to the creation of the plan and goal of the conspiracy. [Record No. 64, p. 5 n.1]  Conversely, the defendants argue that, although the evidence is similar in some respects to the charged conspiracy, it does not rise to the level of background evidence. [Record No. 65, pp. 5–6]

The United States is able to establish a close "temporal connection" between the evidence and the charged offense because it occurred approximately five months prior to the beginning of the alleged conspiracy. *Hardy*, 228 F.3d at 748.  Additionally, similar to the allegations in the Indictment, the evidence includes the purchase of classic vehicles, obtaining insurance for those vehicles based on renovations that never occurred from Harold Auto Body, and attempts to recover losses from insurance providers following a fire.  Thus, the government also is able to show a causal relationship because the evidence demonstrates that the first scheme was "a prelude to the charged offense." *Id.*

Further, it appears that the evidence is relevant to the crimes charged.  "Relevant evidence" is evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  FED. R. EVID. 401.  In this case, the evidence proffered by the United States is probative of the offense charged and demonstrates the creation of the goal of the alleged conspiracy.

In summary, the evidence the United States seeks to introduce is proper background evidence that is inextricably intertwined and is necessary to explain the relationship of the parties. While this finding makes it unnecessary to evaluate the evidence under Rule 404(b), such an analysis also favors the United States.

### B. Rule 404(b)

Rule 404(b) of the Federal Rules of Evidence provides, in relevant part, that:

> [e]vidence of a crime, wrongs or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

FED. R. EVID. 404(b).

In determining the admissibility of Rule 404(b) evidence, the court must initially decide "whether there is sufficient evidence to show that the defendant committed the other acts." *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008).[1] Next, the court must determine "whether other acts evidence is admissible for a legitimate purpose," such as those listed in 404(b)(2). *Id.* This step requires consideration of "whether the evidence of the other act is probative of a material issue other than character." *United States v. Jenkins*, 354 F.3d 928, 937 (6th Cir. 2003).[2] Following this analysis, "if the evidence is probative of a

---

[1] While the United States is not required to demonstrate that the other acts occurred by a preponderance of the evidence, it must show the existence of the prior acts in some manner. *Huddleston v. United States*, 485 U.S. 681, 689 (1988). Here, however, the defendants have not contested that the prior acts occurred.

[2] The "proper purposes" allowed under 404(b) include proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. FED. R. EVID. 404(b). *See also United States v. Mason*, 114 F.3d 1190, at *3 (6th Cir. May 8, 1997) (A "material purpose"

material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect," as determined under Rule 403. *Id.* Additionally, the court must decide whether reasonable notice of the evidence was provided to the defendants. FED. R. EVID. 404(b)(2)(A).

Regarding the second step of the analysis, the United States asserts that the evidence is properly admitted as proof of intent and plan. [Record Nos. 39, p. 5; 64, pp. 5–6] The Sixth Circuit has determined that where the government has the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b). *United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997) (quotations omitted). Additionally, "'[t]o determine if evidence of other acts is probative of intent, [the court] look[s] to whether the evidence relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue.'" *Hardy*, 643 F.3d at 151 (quoting *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002)). Regarding the "substantially similar" requirement, the Sixth Circuit has held that, "where evidence of prior bad acts is admitted for the purpose of showing intent, the prior acts need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent." *United States v. Benton*, 852 F.2d 1456, 1467 (6th Cir. 1988).

In the present case, the defendants have been charged with wire fraud under 18 U.S.C. § 1343. A wire fraud conviction requires that the government establish: (1) the existence of

---

under 404(b) means whether it is "in issue" in the case, citing *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir.1996)).

a scheme to defraud; (2) a material misrepresentation or concealment of a material fact; (3) the intent to defraud; and (4) the use of wire communications to further the scheme.  *See* Sixth Circuit Pattern Jury Instructions (Criminal), 10.02 (2014 ed), citing *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007); *United States v. Frost*, 125 F.3d 346, 371 (6th Cir. 1997).  Thus, the crimes charged require that the United States prove specific intent.

Additionally, the alleged prior bad acts are sufficiently analogous and near in time. Although the acts do not relate to convictions for similar offenses, they involve conduct matching that which is charged in the Indictment.  Notably, in both instances, individuals allegedly obtained insurance on classic vehicles using estimates from Harold Auto Body to insure vehicles for more than they were worth, and collected under the policies following the destruction of the vehicles.  Because of the success of Charles Tackett's alleged initial scheme, it is claimed that the other defendants pursued a similar scheme to intentionally defraud insurance providers in a substantially similar fashion.  Further, the alleged bad acts occurred just months prior to the acts alleged in the Indictment.  Thus, the Rule 404(b) evidence is sufficiently probative of intent.

The United States also claims that the evidence is admissible to prove plan. Specifically, the United States contends that Charles Tackett's initial acts informed the conduct of his co-conspirators charged in the Indictment.  [Record No. 64, pp. 7–8] Particularly considering the proximity of the events, the bad acts evidence is relevant to the purpose of the offense at issue in this case.  In short, the evidence is admissible to show the defendants' plan to defraud other insurance companies.

Even if the evidence is admissible as background evidence, it must still overcome a Rule 403 determination. Rule 403 states, in relevant part, that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Evidence is not excluded because it is damaging or prejudicial to a defendants' case; it must be "unfairly prejudicial." *See United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993). "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 Committee Notes.

The evidence the United States seeks to introduce is prejudicial to the defendants' case, as is most evidence sought to be admitted by the government during criminal cases. Notwithstanding that fact, the evidence is highly probative of the events surrounding and preceding the actions alleged in the Indictment. The Court also notes that, if requested, a cautionary instruction can lessen the danger of unfair prejudice under Rule 403.[3] However, regarding its admissibility, the probative value of admitting this evidence under a Rule 404(b) analysis is not substantially outweighed by the danger of unfair prejudice.

Finally, the defendants have not aserted that insufficient notice was not provided of the government's intent to seek introduction of the subject evidence under Rule 404(b) of the Federal Rules of Evidence. Therefore, examination of this issue is unnecessary.

---

[3] This assumes that the United States seeks to admit the proposed evidence under Rule 404(b). *See Myers*, 123 F.3d at 364; *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994). Conversely, if the United States seeks to admit the evidence as background evidence, a cautionary instruction, if requested, would advise the jury that it may consider the evidence for that purpose and not as substantive evidence of the crimes charged in the Indictment.

### III.

The evidence sought to be admitted by the United States is admissible as background evidence which is inextricably intertwined with other relevant evidence. Alternatively, the evidence could be properly offered under Rule 404(b) to prove intent and plan if that were the government's intention. Accordingly, it is hereby

**ORDERED** that Defendants Michael Ray Tackett's and Charles Ray Tackett's Motions to Exclude Evidence [Record Nos. 55, 60], and incorporated by other defendants, are **DENIED**.

This 2nd day of March, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge